FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 17 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

COREY HEBERT, Individually and on                                          PLAINTIFF
Behalf of All Others Similarly Situated

vs.                              No. 4:21-cv-524-JM

SELECT REHABILITATION, LLC                                                 DEFENDANT

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Corey Hebert ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Select Rehabilitation, LLC ("Defendant"), he states and alleges as follows:

#### I.   PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant employed Plaintiff within Pulaski County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Saline County.

7. Defendant is a foreign limited liability company.

8. Defendant's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9. Defendant, in the course of its business, maintains a website at https://www.selectrehab.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant owns and operates healthcare and rehabilitation centers throughout the United States.

12. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

16. Defendant employed Plaintiff as an hourly-paid employee from 2012 until April of 2021.

17. Plaintiff was employed as a Physical Therapist and was primarily responsible for helping Defendant's clients with physical therapy exercises and programs.

18. Defendant also employed other hourly-paid employees as Physical Therapists, Occupational Therapists, Speech Therapists and Therapist Assistants (collectively "Therapists") within the three years preceding the filing of this lawsuit.

19. Other Therapists had the same or substantially similar job duties as Plaintiff.

20. At all relevant times herein, Defendant directly hired hourly-paid Therapists to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Plaintiff and other Therapists recorded their hours worked via Defendant's electronic time keeping system.

22. Plaintiff regularly worked hours over 40 each week.

23. Upon information and belief, other Therapists also worked hours over 40 each week.

24. Plaintiff regularly worked hours which went unrecorded and uncompensated.

25. Plaintiff was required to complete patient charting and other administrative work off the clock after his shift was over and on weekends.

26. Upon information and belief, other Therapists were also regularly required to complete patient charting and other administrative work off the clock.

27. On average, Plaintiff estimates he spent approximately 7 hours each week working off the clock, although the off-the-clock hours were not always consistent from week to week.

28. Plaintiff was required to spend 92% of his time on "billable work."

29. Upon information and belief, other Therapists had the same or similar billing requirements.

30. Patient charting was not considered billable.

31. Therefore, in order to meet their billable work goal, Plaintiff and other Therapists were required to complete patient charting off the clock.

32. Defendant knew or should have known that patient charting could not be completed in the small amount of nonbillable time allotted to Plaintiff and other Therapists.

33. Plaintiff performed all his work on Defendant's premises, including the off-the-clock work.

34.   Defendant knew or should have known that Plaintiff and other Therapists were working hours which went unrecorded and uncompensated.

35.   At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Therapists of sufficient overtime compensation for all of the hours worked over forty per week.

36.   Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

37.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38.   Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.   Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.   Liquidated damages; and

C.   Attorney's fees and costs.

39.   Plaintiff proposes the following collective under the FLSA:

> **All hourly paid Therapists who received payment within the past three years for work performed in any week in which they worked at least 39 hours.**

40. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They had substantially similar job duties and responsibilities;

    C. They were required to meet billing goals set by Defendant; and

    D. They were subject to Defendant's common policy of requiring them to complete patient charting and other administrative work off the clock.

43. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

44. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

45. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

47.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

48.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51.  Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

52.  Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

53.  Defendant knew or should have known that its actions violated the FLSA.

54.  Defendant's conduct and practices, as described above, were willful.

55.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

56.  Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

64. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
(Individual Claim for Violation of the AMWA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

72. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

75. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

76. Defendant knew or should have known that its practices violated the AMWA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Corey Hebert, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**COREY HEBERT, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

_/s/ Lydia H. Hamlet_
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**COREY HEBERT, Individually and on**                 **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:21-cv-___

**SELECT REHABILITATION, LLC**                         **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

       I was employed as a Therapist for Select Rehabilitation, LLC, within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**COREY HEBERT**
June 17, 2021

Josh Sanford, Esq.
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**