# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**COREY HEBERT, Individually and on**                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

**v.**                        **CASE NO. 4:21-CV-524-JK**

**SELECT REHABILITATION, LLC**                                     **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

COME NOW Plaintiff Corey Hebert and Defendant Select Rehabilitation, LLC, by and through their respective undersigned counsel, and for their Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice state:

1. Plaintiff initiated this action on June 17, 2021. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq., and was filed as a collective action. *Id*. Plaintiff alleged that he was required to work off-the-clock without pay for all hours worked, which resulted in overtime violations. *Id.* Defendant answered denying Plaintiff's claims. *See* ECF No. 18. Plaintiff has subsequently moved to amend his Complaint to drop the collective action allegations and proceed on his individual claims only. *See* ECF No. 29.

2. The parties exchanged pay and time records for Plaintiff as well as other documents during discovery. After analyzing the potential claims and defenses, the Parties attended a Magistrate Judge settlement conference to seek a potential resolution of Plaintiff's claims. On July 28, 2022, following negotiations between counsel, the Parties were able to reach a compromise settlement in principle that will resolve the litigation in full. *See* ECF No. 28.

3. Following that conference, the Parties have mutually negotiated a settlement agreement that resolves this lawsuit in its entirety. That Agreement is being contemporaneously filed for in camera review by the Court. Accordingly, as set forth below, the Parties request that the Court review the proposed settlement agreement and dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

4. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

The Eighth Circuit has recently cast doubt on whether settlements of wage claims require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." *Id*. at *6. Nonetheless, to ensure that their settlement agreement is enforceable, concurrently with the filing of their Motion the Parties are submitting the settlement agreement to the Court for in camera review and approval.

5. Typically, settlement agreements conditioned on confidentiality run counter to the policy of public access to judicial documents. *See Ferguson v. Arkansas Support Network, Inc.*, 2018 WL 6517453, at *1 (W.D. Ark. Dec. 11, 2018). There is a presumption of public access to judicial documents. *Id.* "Thus, in order for the Court to approve a confidential settlement agreement, the parties must demonstrate a need for confidentiality that outweighs the strong presumption to public access." *Id.* Here, Defendant expressed the legitimate concerns with publishing the settlement agreement on the public record in the settlement conference to which the Court is aware. However, the Parties have further documented the need for confidentiality in this case in the proposed Settlement Agreement which the Court may review in camera. Notably, the case now proceeds as a single plaintiff case and there are no concerns relating to any potential collective action members who are no longer represented by Plaintiff. As such, the Parties agree that the need for confidentiality justifies an in camera review in this case.

6. Moreover, the proposed Settlement Agreement between the parties represents a fair and equitable compromise of a bona fide wage and hour dispute. The settlement follows litigation,

including the sharing of time and pay records, by experienced counsel representing both parties from the filing of the original Complaint through the end of settlement negotiations. The Parties also engaged in settlement negotiations conducted by opposing counsel at arm's length who are both experienced in FLSA and AMWA litigation.

7. For the reasons discussed in the Magistrate Judge settlement conference, the Parties determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of his claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation. The Parties understand the expense associated with further pleadings, additional discovery, a jury trial, and, potentially, an appeal.

8. Moreover, the FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The Parties negotiated and reached an agreed-upon fee and costs payable to Plaintiff's attorneys at the Magistrate Judge settlement conference. The attorneys' fees portion of the agreement was reached *only after* an agreement had been reached as to Plaintiff's claims, to be paid by Defendant, so there is no risk of shifting the costs of litigation to Plaintiff. All fee negotiations were conducted at arms' length, separately, and in addition to Plaintiff's claims.

9. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar* at 778-80 ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Thus, this proposed resolution sufficiently closes all matters before the Court and warrants complete dismissal.

10. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties request that following the Court's approval of the settlement agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

/s/  Lydia Hamlet
Josh Sanford, AR Bar No. 2001037
Lydia Hamlet, AR Bar No. 2011082
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, AR  72211
Email:  josh@sanfordlawfirm.com
Email: lydia@sanfordlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

And

Gregory J. Northen, AR Bar No. 2011181
CROSS, GUNTER, WITHERSPOON
 & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
(501) 371-9999
Fax: (501) 371-0035
Email: gnorthen@cgwg.com
**ATTORNEYS FOR DEFENDANT**
